# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**DESMOND L. LEAVELL**                                                                 **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 5:13CV-P119-R**

**LYNN PRYOR**                                                                          **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Desmond L. Leavell, an inmate at the Christian County Jail, initiated this *pro se* civil action by filing a letter addressed to the U.S. District Court stating that he was a victim of a shooting and that Commonwealth Attorney Lynn Pryor "maliciously placed a hold on me and had me transported to Christian Co. while in a wheelchair and under medical supervision." He alleged that "Lynn Pryor had no jurisdiction over my person because I was not on probation nor had any charges in Christian County." He stated that he has "suffered and continues to be a victim of unlawful wanton prosecution by a Lynn Pryor working under the color of the law." He further stated, "I seek suit to remedy this."

Because the action was not filed on a Court-approved form and it was not clear whether Plaintiff wished to file a civil-rights complaint pursuant to 42 U.S.C. § 1983 or a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, the Court entered on Order on August 8, 2013, ordering Plaintiff to re-file his action on the appropriate form and to pay the filing fee or file an application to proceed without the prepayment of the filing fee within 30 days. The Order also warned Plaintiff that failure to re-file his action on a Court-approved form and to tender the filing fee or file an application to proceed without prepayment of fees within 30 days may result in dismissal of the action. More than 30 days have passed, and Plaintiff has failed to re-file his

action on the appropriate form and has failed to pay the filing fee or file an application to proceed without the prepayment of fees.

Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*
4413.010